**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 1 6 2023

TAMMY H. DOWNS, CLERK

By: _____
DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
_Delta_ **DIVISION**

**TAMARA LEIGH LUCUS**                                              **PLAINTIFF**

**v.**                                    NO. 2:23-cv-64-KGB

**JOHN S. STOBAUGH, JOHN S. STOBAUGH, P.A.,**
**AND SCHNIPPER, BRITTON & STOBAUGH**                    **DEFENDANTS**

## COMPLAINT FOR LEGAL MALPRACTICE AND BREACH OF FIDUCIARY DUTY

Plaintiff, Tamara Leigh Lucus, for her Complaint for Legal Malpractice and Breach
of Fiduciary Duty, states:

1.      Plaintiff is a resident of Knox County, Tennessee. Her address is 7900
Ember Crest Trail; Knoxville, TN 37938. Plaintiff moved to this address on April 1, 2021,
and it has been her permanent residence since that time.

2.      Defendants are believed to be residents of Garland County, Arkansas.

3.      The events giving rise to this cause of action are primarily located in Saline
County, Arkansas, where Plaintiff and her husband obtained a divorce on June 15, 2021
in Saline County Circuit Case no. 63DR-20-98. The style of the underlying case in this
legal malpractice case is Tamara Leigh Lucus v. Robert Stanley Lucus. Defendants
began representation of Tamara Leigh Lucus on or about November 12, 2020 when
Defendant, John S. Stobaugh, filed the divorce action on behalf of Plaintiff Tamara Leigh
Lucus.

4.      Jurisdiction in this matter is based on diversity of citizenship. The amount in
controversy is well in excess of $100,000 and, specifically, is in the $2,000,000 to
$3,500,000 range in damages. This amount is exclusive of interest and costs.

This case assigned to District Judge _Baker_
and to Magistrate Judge _Harris_

1

5.     Venue is based on 28 U.S.C.§1391(b)(2), which allows for venue in the judicial district in which a "substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated..." The underlying divorce action in this case occurred in Saline County, Arkansas. Saline County is in the Eastern District of Arkansas in the Federal Court system. Jurisdiction and venue are proper in this Court.

6.     Defendant, John S. Stobaugh, is a licensed attorney practicing law in the State of Arkansas and doing business as John S. Stobaugh, P.A. He is a partner, associate, or employee in the law firm of Defendant, Schnipper, Britton and Stobaugh, located at 123 Market Street, Hot Springs, Arkansas 70901, County of Garland, State of Arkansas. Defendant, John S. Stobaugh is either the agent, servant, partner, or employee of the Defendant, John S. Stobaugh, P.A. and the Defendant, Schnipper, Britton and Stobaugh, and as such, the Defendants, John S. Stobaugh, P.A. and Schnipper, Britton and Stobaugh are liable for all the intentional or negligent acts or omissions of the individual defendant, John S. Stobaugh, under the doctrine of *respondiate superior*, and master/servant, and agency. Schnipper, Britton, and Stobaugh hold themselves out as a law firm to the public through their website and other materials. The offices of the attorneys are in one building and appear as a law firm. But they do not show up on the Secretary of State's website as any type of registered entity. Plaintiff will have to conduct discovery to learn the true relation between Defendant Stobaugh and the firm of Schnipper, Britton and Stobaugh, and the relationship between Defendant Stobaugh and John S. Stobaugh, P.A. Defendant Stobaugh practices law under his P.A. name. So, that

2

is clear. But the relationship between Defendant Stobaugh and the law firm of Schnipper, Britton, and Stobaugh is not.

7.     At all relevant times, Defendant John S. Stobaugh, was acting in the course and scope of his employment or agency with Defendants, John S. Stobaugh, P.A. and Schnipper, Britton and Stobaugh, and the two law firm Defendants are vicariously liable for the actions of Defendant, John S. Stobaugh.

8.     In the unanimous decision of the Arkansas Supreme Court in Callahan v. Clark, 321 Ark.376,901 SW2d 842 (1995), the trial court directed a verdict in favor of the Plaintiff against the Defendant lawyer for giving her bad advice in mediation, improper settlement of her case, and otherwise failing to be prepared for trial. The Callahan trial court directed the verdict in favor of Plaintiff because it determined that these actions and inactions were negligent. Here, Defendants were unprepared for mediation and unprepared for any settlement or trial of the underlying divorce case. There are emails which support all allegations set forth in this Complaint. Defendant Stobaugh ignored dozens of emails from Plaintiff concerning the assets and liabilities of the parties. Defendant Stobaugh ignored dozens of emails notifying him of the seven million dollar business transaction that Mr. Stan Lucus did not disclose in his asset and liability list at the mediation. There were also clerical errors that Plaintiff pointed out to Defendant, John S. Stobaugh, which were not corrected. Plaintiff informed Defendant of the fact that a miscalculation in mediation had produced a $119,000 error in Stan Lucus' favor. Defendants ignored all of this information and stated that the mediation would just be used as a "discovery tool." However, Defendant Stobaugh went forward in contacting the divorce court's trial court assistant and approving the decree as originally written by Stan

3

Lucus' attorney, Tammy Gattis. The <u>Callahan v. Clark</u> case has been Shepardized. There has been absolutely no negative treatment since the case was decided, and it has been cited in 111 other cases.

9.      Defendants were negligent in this action and breached their fiduciary duty by, among other actions and inactions, the following:

a.      In the instant case, Plaintiff repeatedly advised Defendants that the amounts in the decree were not correct. Defendant Stobaugh acknowledged this in a response he filed to Mr. Stan Lucus' Motion to Enforce Settlement Agreement. In the Response, Defendant specifically addresses the difference in amounts from mediation to what was set forth in the decree. When given the opportunity by the Court to redline the areas of the decree that were of issue, Defendants failed to do so.

b.      The parties to the divorce sold the marital home and split the proceeds. Plaintiff placed her money in a bank account – which was divided equally.  No one knows what happened to the proceeds that Plaintiff's ex-husband received. In splitting this account of Plaintiff equally, Plaintiff only received one-fourth of the money from the sale of the house instead of one-half. This is believed to have cost her approximately $119,000. Plaintiff raised this issue many times with Defendant Stobaugh and Defendant Stobaugh, took no action to correct the mistake in the divorce decree.

c.      Defendant sold one of his businesses for $7,000,000 before the divorce. The business was sold and Plaintiff received none of the proceeds. Defendants did not have, and could not have had, the information necessary to

4

determine Plaintiff's entitlement from what was left from the sale of the business –
because the necessary information was not produced in response to discovery and
Defendant Stobaugh, did not follow up with a motion to compel or take any action
to inform himself where the funds from the sale went, what was left of them, and
other details regarding the sale. Defendants were negligent in failing to ascertain
these things.

      d.      Defendants settled Plaintiff, Tamara Leigh Lucus' case without
having an adequate knowledge of assets and liabilities of the marriage.

      e.      Defendants have a duty to account for all assets and liabilities of the
marriage unless the client waives the formal discovery process. Defendant, John
S. Stobaugh, and the other defendants had absolutely no way of preparing this
case for mediation or trial because they failed to ascertain the full assets and
liabilities of the marriage.

      f.      Plaintiff repeatedly notified Defendant Stobaugh that the amount set
out in the Decree and Property Settlement Agreement was not the amount which
was agreed to in mediation, that her husband had failed to disclose accounts that
were in existence during the marriage of the parties, that a joint account of the
parties was divided incorrectly which created a windfall for her husband, and that
a business had been sold during the marriage and that terms of the sale had not
been disclosed by her husband.

      g.      Defendant, John S. Stobaugh, acknowledged that the settlement and
mediation were based on total monetary and not particular accounts because
Plaintiff's husband had not supplemented his discovery responses.

5

h. Defendant, John S. Stobaugh, advised Plaintiff that they should move ahead and sign the Decree and Property Settlement Agreement and that he had a plan of action to pursue once the decree was filed of record. Plaintiff advised Defendant that she would never sign the decree unless the decree was corrected. Defendants were negligent and breached their fiduciary duty by approving the uncorrected decree. Neither Plaintiff, Tamara Leigh Lucus, or her former husband, Stan Lucus, signed the Decree.

i. Plaintiff did not learn from Defendant Stobaugh until approximately one to two weeks after the fact that the decree had been approved by Defendant Stobaugh, signed by the judge, and filed of record. The Court stated that Defendant Stobaugh had approved the Decree by telephone and that he had no objections to the Decree prepared by Stan Lucus' attorney, Tammy Gattis. This occurred after the Court had given Defendant, John S. Stobaugh, the opportunity to redline a Word version of the Decree and set forth any problems he had with same which Defendant Stobaugh failed to do.

j. Defendant Stobaugh owed the Plaintiff a professional duty of care which was breached by his failure to act and advise the Court of the problems with the division of the parties' assets.

k. As Plaintiff's attorney, Defendant Stobaugh, had a fiduciary position with the Plaintiff during the divorce proceedings.

l. In a divorce case, it is the duty of an attorney to account for all assets and liabilities of the marriage. Defendants failed to do so.

6

m.      Plaintiff also states that Defendant John S. Stobaugh is in breach of his fiduciary duty by failing to communicate to Plaintiff that he had signed off on the proposed Decree and Property Settlement Agreement and that it had been filed of record. The Plaintiff never approved the Decree and Property Agreement.

n.      Defendants breached their fiduciary duty by not conducting sufficient discovery to determine if all assets and liabilities of the parties in Plaintiff's divorce case had been disclosed prior to approving the Decree and Property Settlement Agreement despite having been told by Plaintiff that numerous assets had not been disclosed or not divided equally -– thus creating a major windfall for Plaintiff's husband. Defendants settled the case without their client's consent. This was also a breach of fiduciary duty.

o.      In mediation, Stan Lucas acknowledged that he sold some silver bars. Defendants failed to account for the value of the silver disposed of.

p.      Stan Lucas sold $160,000 in stocks that Defendants failed to account for.

q.      Defendant Stobaugh was told that Stan Lucas had moved the parties' retirement accounts and investments with an entity called "First Horizon" were moved somewhere before Stan Lucas filed for divorce. These were marital retirement accounts. Defendants failed to account for the retirement accounts that were moved to an unknown location after Defendants were made aware of them.

r.      Defendants failed to request alimony for Plaintiff. She was just told that she was not requesting alimony. Upon information and belief, Defendants did

7

not sufficiently investigate Plaintiff's needs or the ex-husband's ability to pay. If they had, they would have known that this was most certainly, "an alimony case."

     s.    The actions of Defendants set forth in subparagraphs 9(a)-(s), were negligent, and were a direct and proximate cause of Plaintiff's damages.

     t.    The actions of Defendants set forth in subparagraphs 9(a)-(s) constituted a breach of Defendants' fiduciary duty to Plaintiff. Defendants' breach of this fiduciary duty is a direct and proximate result of Defendants' damages.

10.    As direct and proximate result of the Defendants' breach of fiduciary duty and negligence, Plaintiff suffered damages as previously noted.

11.    Plaintiff contends that the actions of the defendants, individually, concurrently and/or jointly proximately caused and/or proximately contributed to the damage suffered by the Plaintiff and they are therefore liable to Plaintiff. As noted previously, Plaintiff also claims *respondeat superior,* agency, and master/servant principles cause the two corporate defendants to be vicariously liable for the actions of Defendant Stobaugh.

12.    All defendants are liable for negligence and breach of fiduciary duty. Plaintiff has suffered the damages noted above, which should be paid by all defendants, jointly and severally.

13.    The amount in controversy in this case exceeds three (3) million dollars. ($3,000,000.00)

14.    Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff prays for judgment against defendants, jointly and severely, for damages in excess of that required for diversity of citizenship in a Federal case, for her costs and all other appropriate relief.

**Dated: March 15, 2023**

Respectfully submitted,

By: _____
Jack Wagoner III, A.B.A. # 89096
Bruce Tennant, A.B.A. #86164
Wagoner Law Firm, P.A.
1320 Brookwood, Suite A
Little Rock, AR 72202
Phone: (501) 663-5225
Fax: (501) 660-4030
Email: jack@wagonerlawfirm.com
Email: bruce@wagonerlawfirm.com

9